# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50822

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>TYLER JOE NOURSE,<br><br>        Defendant-Appellant. | )<br>)  **Filed: May 23, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and unified sentence of twenty-eight years, with a minimum period of confinement of eighteen years, for aggravated battery with a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Tyler Joe Nourse entered an *Alford*[1] plea to aggravated battery, Idaho Code § 18-907, and admitted to being a persistent violator, I.C. § 19-2514. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of twenty-eight years, with a minimum period of confinement of eighteen years, for aggravated battery and the persistent violator enhancement. Nourse appeals, arguing that his sentence is excessive.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Nourse's judgment of conviction and sentence are affirmed.